# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**EMILNER LOUIS,**
**INS # A73114618,**

    **Petitioner,**

vs.                                                  **Case Number 4:06cv273-RH/WCS**

**ALBERTO GONZALES,**
**MICHAEL CHERTOFF,**
**MICHAEL ROZOS,**
**DAVID HARVEY, and**
**DEPARTMENT OF**
**HOMELAND SECURITY**

    **Respondents.**

_____/

## O R D E R

This case was initiated on June 6, 2006, doc. 1, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is proceeding *pro se* and has filed a motion seeking leave to proceed *in forma pauperis*, doc. 2. Because it appears that Petitioner does not have sufficient funds to pay the filing fee, his *in forma pauperis* motion is granted.

Respondents in this case are listed as the United States Attorney General ALBERTO GONZALES, the Secretary of Homeland Security MICHAEL CHERTOFF, the Field Office Director for Detention and Removal,[1] United States Immigration Customs Enforcement MICHAEL ROZOS, the Sheriff of Wakulla County and Petitioner's current physical custodian DAVID HARVEY, and the United States Department of Homeland Security. Petitioner asserts that he has been held in detention for over six months and that because his native county of Haiti has not issued travel documents for him, Respondents will likely be unable to remove Petitioner. Doc. 1. Petitioner states that he has been held in the custody of the Bureau of Immigration and Customs Enforcement since September 26, 2005. *Id.* Petitioner is not challenging the validity of the removal order, rather, he seeks release from custody pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). *Id.*

Finding the petition sufficient, Respondents will be required to file an answer or other appropriate pleading to the petition. After receipt of a response, the Court will determine whether an evidentiary hearing is required.[2] Petitioner shall have a limited period of time in which to file a reply, if desired, to the answer or response to the petition. After consideration of the documents filed in this case, the Court will make such disposition of the petition as justice requires pursuant to 28 U.S.C. § 2243.

---

[1] Within the body of the petition, Petitioner states that Tom Ridge is Secretary of the Department of Homeland Security. Doc. 1, p. 3. That appears to be inadvertently left on the petition from an old form. Petitioner lists the current Secretary as a Respondent on page 1 of the petition.

[2] An evidentiary hearing is not generally required and is unnecessary unless disputed evidence is submitted by the parties.

Accordingly, it is **ORDERED**:

1. Petitioner's motion for *in forma pauperis* status, doc. 2, is **GRANTED**. The Clerk of Court shall file the petition without payment of the filing fee.

2. The Clerk shall send a copy of the petition and summons to the Attorney General of the United States Alberto Gonzales, the Secretary of Homeland Security Michael Chertoff, and the Field Director, Detention and Removal for the United States Immigration Customs Enforcement Michael Rozos, through registered or certified mail.[3]

3. The Clerk of Court shall deliver a copy of the petition and summons to the United States Attorney for this District who shall have until **August 7, 2006**, in which to file an answer or similar response to the petition which shows good cause as to why the relief sought by Petitioner should not be granted.

4. Petitioner shall have until **September 8, 2006**, in which to file a reply to the answer or response filed by Respondents.

5. The Clerk of Court shall return this file upon Respondents' filing of a response to the petition, or no later than August 7, 2006.

**DONE AND ORDERED** on June 7, 2006.

     s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] This order is not directing service on the Sheriff and physical custodian, David Harvey, as it appears that service on the three other named Respondents are sufficient. 28 U.S.C. § 1252(b)(3)(A).